JL

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Damian Ayarzagoitia,

                    Plaintiff,

v.

Syed Zubair Tahir,

                    Defendant.

No.    CV-24-02004-PHX-JAT (JFM)

**ORDER**

On August 8, 2024, Plaintiff Damian Ayarzagoitia, who is confined in the Saguaro Correctional Center, filed a Civil Complaint for Medical Malpractice and an Application to Proceed In Forma Pauperis.  On September 16, 2024, Plaintiff filed a Motion to Amend Complaint and lodged a proposed First Amended Civil Complaint for Medical Malpractice. On October 28, 2024, Plaintiff filed a Motion for Ruling regarding his Application to Proceed In Forma Pauperis.  In an October 31, 2024 Order, the Court granted the Motion for Ruling insofar as the Order contained a ruling on Plaintiff's Application to Proceed In Forma Pauperis, granted the Application to Proceed, denied the Motion to Amend, and gave Plaintiff 30 days to file an amended complaint using the court-approved form included with the Order.

On November 12, 2024, Plaintiff filed his First Amended Complaint (Doc. 14).  The Court will dismiss the First Amended Complaint with leave to amend.

. . . .

. . . .

JDDL-K

I.    **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other

facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    First Amended Complaint

In his First Amended Complaint, Plaintiff names Syed Zubair Tahir as the sole Defendant. Plaintiff asserts a medical care claim under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. He also indicates this Court has jurisdiction over the First Amended Complaint pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(3), and supplemental jurisdiction over his state-law medical malpractice claim under 28 U.S.C. § 1367(a). Plaintiff seeks money damages in the amount of $10,000,000, as well as his attorney's fees and costs for this case.

Plaintiff alleges the following:

Plaintiff is an Idaho prisoner. On March 28, 2024, Plaintiff was transported to Banner Baywood Medical Center to undergo two procedures, performed by Defendant Tahir. The first procedure was a colonoscopy, which was performed at 7:00 a.m. Plaintiff was prepped for the second procedure, a stapled hemorrhoidectomy and external hemorrhoidectomy, around noon. Before the surgery, neither Defendant Tahir nor his assistants discussed with Plaintiff "what preventive measures would be used" or "what other options may or may not have been available," nor did they obtain Plaintiff's informed consent for the specific procedure and preventive measure used. Defendant Tahir and his assistants did not give Plaintiff an opportunity to decline the surgery, and if Plaintiff had known "what the surgeon intended," he would have declined the surgery. Plaintiff "recently obtained a description of the procedure and found that the staples should have fallen out and passed out of the body within a few weeks of the surgery," but as of November 5, 2024, the "staples [were] still inside [Plaintiff's] colon." A few months after the surgery, Plaintiff "obtained information that there is a new procedure that is more

effective and less painful that could have been done and [he] wonders why this [was not] done."  As his injury, Plaintiff alleges that "the prolapse is occurring again," the staples are causing him "a lot of pain," and "whatever the surgeon did has been preventing [Plaintiff] from participating in [his] chosen lifestyle."

**III.    Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and only have subject matter jurisdiction over matters authorized by the Constitution and Congress.  A federal district court, like this one, may only exercise subject matter jurisdiction based on federal question subject matter jurisdiction under 28 U.S.C. § 1331 or diversity subject jurisdiction under 28 U.S.C. § 1332.

**A.    Federal Question Subject Matter Jurisdiction**

Plaintiff in part asserts the Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331.  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff may establish subject matter jurisdiction based on a federal question by asserting the violation of a constitutional right under 42 U.S.C. § 1983.

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although Plaintiff purports to assert a claim under the Fourth and Fourteenth Amendments, because he is a convicted prisoner, his § 1983 medical care claim against Defendant Tahir arises, if at all, under the Eighth Amendment.  Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth

Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff's allegations are too vague to state an Eighth Amendment claim.  Plaintiff does not sufficiently describe the second surgery, including what he understood was the purpose of the second surgery and what he discussed with Defendant Tahir before the surgery.  Plaintiff also does not explain how the surgery was different from his understanding, specifically what "preventive measures" were taken, and how Defendant Tahir's actions amounted to deliberate indifference to Plaintiff's serious medical needs.  That Plaintiff discovered after the surgery that an alternative procedure was available does not mean that Defendant Tahir violated Plaintiff's Eighth Amendment rights by performing the surgery.  Plaintiff therefore fails to state an Eighth Amendment claim against Defendant Tahir.

**B.    Diversity of Citizenship**

Section 1332 provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); 28 U.S.C. § 1332.  "A plaintiff properly . . . invokes § 1332 jurisdiction when [he] presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh*, 546 U.S. at 513 (citing 28 U.S.C. § 1332).  The party that invokes jurisdiction bears the burden of demonstrating its existence.  *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016); *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff asserts he is a "resident and prisoner" of Idaho and that Defendant Tahir is employed in Mesa, Arizona, and is "assumed to reside in" Arizona.  This is insufficient to invoke the Court's diversity jurisdiction.  "It is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing.'"  *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) (quoting *Mantin v. Broadcast Music, Inc.*, 244 F.2d 204, 206 (9th Cir. 1957) (alteration in *Seven Resorts*)); see *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a natural person's citizenship is determined by "her state of domicile," i.e. "where she resides with the intention to remain or to which he intends to return").  Accordingly, the Court lacks diversity jurisdiction over the First Amended Complaint.

1    **C.    Section 1343(a)(3)**

2    Section 1343(a)(3) does not provide an independent basis for this Court to exercise

3    jurisdiction.  Rather, section 1343(a)(3) grants district courts original jurisdiction over a

4    civil action "[t]o redress the deprivation, under color of any State law, statute, ordinance,

5    regulation, custom or usage, of any right, privilege or immunity secured by the Constitution

6    of the United States or by any Act of Congress providing for equal rights of citizens or of

7    all persons within the jurisdiction of the United States."  28 U.S.C. § 1343(a).  Plaintiff

8    establishes no other federal source for this Court's jurisdiction over the First Amended

9    Complaint.

10   **IV.    State Law Claim**

11   Under 28 U.S.C. § 1367(c)(3), if a federal district court has dismissed all claims

12   over which it has original jurisdiction, it may, in its discretion, dismiss without prejudice

13   supplemental state law claims brought in the same action.  Although a district court is not

14   required to dismiss the supplemental state law claims, "in the usual case in which all

15   federal-law claims are eliminated before trial, the balance of factors to be considered under

16   the pendent jurisdiction doctrine— judicial economy, fairness, convenience, and comity—

17   will point toward declining to exercise jurisdiction over the remaining state-law claims."

18   *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Les Shockley*

19   *Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989).

20   The Court declines to exercise supplemental jurisdiction here because Plaintiff has

21   failed to state a federal claim.  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A

22   court may decline to exercise supplemental jurisdiction over related state-law claims once

23   it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. §

24   1367(c)(3))); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994)

25   (when federal law claims are eliminated before trial, the court generally should decline

26   jurisdiction over state law claims and dismiss them without prejudice).  Accordingly,

27   Plaintiff's state-law claim for medical malpractice will be dismissed without prejudice.

28   . . . .

## V.    Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  **<u>Plaintiff may include only one claim per count.</u>**

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files a second amended complaint, he should note that to prevail on a medical malpractice claim, a plaintiff must prove his injury resulted from the failure of a health care provider to follow the accepted standard of care by proving the following elements: (1) the health care provider "failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances"; and (2) such failure was "a proximate cause of the injury."  Ariz. Rev. Stat. § 12-563.

. . . .

. . . .

**VI.    Warnings**

    **A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 14) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 20th day of December, 2024.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $405.00 ($350.00 filing fee plus $55.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $405 filing and administrative fees or the application to proceed in forma pauperis to:**

1

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                                    U.S. District Court Clerk
U.S. Courthouse, Suite 130                             U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10             405 West Congress Street
Phoenix, Arizona   85003-2119                       Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
       A certificate of service should be in the following form:

       I hereby certify that a copy of the foregoing document was mailed
       this _____ (month, day, year) to:
       Name:    _____
       Address:_____
                     Attorney for Defendant(s)

       _____
       (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed.**   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.                                                           CASE NO. _____
                                                                      (To be supplied by the Clerk)
(1) _____ ,
(Full Name of Defendant)
                                                             **CIVIL RIGHTS COMPLAINT**
(2) _____ ,                         **BY A PRISONER**

(3) _____ ,
                                                             ☐ Original Complaint
(4) _____ ,               ☐ First Amended Complaint
                                                             ☐ Second Amended Complaint
                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

### A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 12/1/23                                1                              **550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as: _____at_____.
                               (Position and Title)                           (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as: as: _____at_____.
                               (Position and Title)                           (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as: _____at_____.
                               (Position and Title)                           (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as: _____at_____.
                               (Position and Title)                           (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes     ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____ .

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities        ☐ Mail            ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings ☐ Property        ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____ .

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                        ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count I?        ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____ .

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated:  _____
_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                    ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
     a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes      ☐ No
     b.    Did you submit a request for administrative relief on Count II?          ☐ Yes      ☐ No
     c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes      ☐ No
     d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**    Identify the issue involved.    Check **only one**.    State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**    State as briefly as possible the FACTS supporting Count III.    Describe exactly what **each Defendant** did or did not do that violated your rights.    State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**    State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes      ☐ No
    b.    Did you submit a request for administrative relief on Count III?          ☐ Yes      ☐ No
    c.    Did you appeal your request for relief on Count III to the highest level?  ☐ Yes      ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                              DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6